UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARY KATHERINE ARCELL, et al.,

    Plaintiffs,

v.

GOOGLE LLC, et al.,

    Defendants.

Case No. 22-cv-02499-EJD (VKD)

**ORDER RE OCTOBER 3, 2022 DISCOVERY DISPUTE**

Re: Dkt. No. 42

Plaintiffs ask the Court to order defendants to respond to two interrogatories:

Interrogatory No. 1: Did Google share profit and/or revenue with Apple or make payments to Apple from January 1, 2005 to present, as stated in paragraph 4 of Google's Answer to the government's First Amended Complaint in *United States v. Google LLC*, Case No. 1:20-cv-03010-APM, and for each payment state:
1. the amount of each payment;
2. the date on which the payment was made;
3. the manner in which the payment was made; and
4. the identity of the contract pursuant to which each payment was made.

Interrogatory No. 2: State the name, title, address and job description of each person who made the following statements set out in Google's Answer to the government's First Amended Complaint in *United States v. Google LLC*, Case No. 1:20-cv-03010-APM: [list of eight statements]

Dkt. No. 42 at 1-2; Dkt. No. 42-1. Defendants oppose the motion principally on the ground that plaintiffs' request for discovery is entirely encompassed by defendants' pending motion to stay discovery (Dkt. No. 36). Dkt. No. 42 at 4, 6. The motion to stay discovery is noticed for hearing on November 3, 2022 before the presiding judge.

The Court finds that this matter is suitable for determination without oral argument. *See* Civil L.R. 7-1(b).

Having reviewed the pending motion to stay discovery, the Court agrees with defendants. The Court cannot grant the relief plaintiffs request without prejudging a motion that is already fully-briefed and pending before the presiding judge. As no case management schedule has been set in this case, plaintiffs will suffer no prejudice if they must wait until after the presiding judge resolves defendants' motion to stay discovery before pressing the relief they seek here. The Court is not persuaded by plaintiffs' suggestion that defendants' answers to these interrogatories "may be helpful" in resolving defendants' separate motion to dismiss, as that motion is based on the argument that plaintiffs' *pleading* fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly, plaintiffs' motion to compel responses to Interrogatories Nos. 1 and 2 is denied without prejudice.

**IT IS SO ORDERED.**

Dated: October 12, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge