UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY KATHERINE ARCELL, et al., | Case No.   5:22-cv-02499-EJD |
| Plaintiffs, | **ORDER GRANTING MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS** |
| v. | |
| GOOGLE LLC, et al., | Re: Dkt. No. 36 |
| Defendants. | |

Plaintiffs initiated this antitrust suit on April 22, 2022. Dkt. No. 1. Plaintiffs essentially allege that Defendants Apple, Inc. ("Apple") and Google LLC ("Google") violated federal antitrust laws by agreeing not to compete in the internet search business. *Id.* Defendants' motion to dismiss the Complaint is fully briefed (Dkt. Nos. 25, 32, 35) and was taken under submission on October 26, 2022 (Dkt. No. 46).

Pending before the Court is Defendants' "Motion for a Protective Order Temporarily Staying Discovery" ("Motion") until the Court issues a ruling on Defendants' motion to dismiss the Complaint. Dkt. Nos. 36 -38. The Motion is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion will be granted.

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Hall v. Tilton*, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) ("A district court has broad discretion to stay discovery pending the disposition of a dispositive motion."). Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Many courts in this district apply a two-prong test to

United States District Court
Northern District of California

1   determine whether a stay of discovery is appropriate: "(1) will the motion dispose of the entire

2   case (or at least the issue at which discovery is aimed)? and (2) can the motion be decided without

3   further discovery?" *Onuoha v. Facebook, Inc.*, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7,

4   2017) (collecting cases).

5         Here, both elements favor a stay. First, Defendants' motion to dismiss may dispose of the

6   entire case. Defendants raise numerous significant challenges to the Complaint, including the

7   failure to plead direct or circumstantial evidence of a horizontal conspiracy to support the Section

8   1 claim; failure to plead a conspiracy, a relevant market, and the requisite intent to support the

9   Section 2 claim; failure to plead antitrust standing; statute of limitations; and laches. Defendants

10  also argue that some of the forms of relief Plaintiffs seek are unavailable as a matter of law. At a

11  minimum, Defendants have established that their motion is "potentially dispositive" of the entire

12  case, which weighs in favor of granting a stay of discovery until the Court issues a ruling on

13  Defendants' motion to dismiss. *Malley v. San Jose Midtown Dev. LLC*, 2020 WL 5877575, at *7

14  (N.D. Cal. Oct. 2, 2020).

15        Second, Defendants' motion to dismiss can be decided without further discovery because

16  the motion "is based solely on the allegations in the Complaint and does not raise any factual

17  issues." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr.

18  10, 2020).

19        Further, there is good cause to stay discovery at this time because it will promote

20  efficiency and avoid undue burden to Defendants; discovery in antitrust cases tends to be "broad,

21  time-consuming and expensive." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D.

22  Cal. June 14, 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007)).

23  Plaintiffs assert that a stay of discovery is not warranted because they are presently seeking only

24  "limited" discovery. This "limited discovery" consists of the depositions of Defendants Tim

25  Cook, Sundar Pichai, Eric Schmidt, and other Apple and Google executives; interrogatories

26  regarding Google's payments to Apple; and production of any written contracts between Google

27  and Apple regarding Google's payments to Apple. However, "[t]he purpose of F.R.Civ.P.

28  Case No.: 5:22-cv-02499-EJD
    ORDER GRANTING MOTION TO STAY DISCOVERY

United States District Court
Northern District of California

1   12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting

2   themselves to discovery."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.

3   1987) (citing *Greene v. Emersons Ltd.*, 86 F.R.D. 66, 73 (S.D.N.Y. 1980), aff'd, 736 F.2d 29 (2d

4   Cir. 1984)).  "In antitrust cases this procedure especially makes sense because the costs of

5   discovery in such actions are prohibitive."  *Id*. (citing *Car Carriers v. Ford Motor Company*, 745

6   F.2d 1101, 1105-07 (7th Cir. 1984), cert. denied, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821

7   (1985)).

8        Accordingly, Defendants' Motion to Stay Discovery is GRANTED.  Discovery is

9   STAYED until the Court issues a ruling on Defendants' motion to dismiss.

10        **IT IS SO ORDERED.**

11   Dated: October 31, 2022

12

13

14   EDWARD J. DAVILA
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Case No.: 5:22-cv-02499-EJD
     ORDER GRANTING MOTION TO STAY DISCOVERY
                                3

*United States District Court*
*Northern District of California*