1

2

3

4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6                           SAN JOSE DIVISION

7

8     MARY KATHERINE ARCELL, et al.,          Case No.  5:22-cv-02499-EJD

9                  Plaintiffs,                **ORDER GRANTING DEFENDANTS'**
                                              **MOTION TO DISMISS WITH LEAVE**
10          v.                                **TO AMEND**

11    GOOGLE LLC, et al.,
                                              Re: Dkt. No. 25
12                Defendants.

13          Plaintiffs Mary Katherine Arcell, et al., (collectively "Plaintiffs") bring this action against

14   Google LLC, Alphabet, Inc., XXVI Holdings, Inc., and Apple, Inc., Tim Cook, Sundar Pichai, and

15   Eric Schmidt (collectively "Defendants").  Before the Court is Defendants' 12(b)(6) motion to

16   dismiss for failure to plead facts sufficient to state a claim for relief that is plausible on its face,

17   lack of standing, and failure to survive the statute of limitations.  Having considered the parties'

18   submissions and oral arguments, the Court GRANTS Defendants' motion to dismiss with leave to

19   amend.

20   **I.      BACKGROUND**

21          **A.      The Parties**

22          Plaintiffs are twenty-seven individuals who are users of the services provided by internet

23   search engines, including Google.  Compl. ¶¶ 47, 48, ECF 1.

24          Defendant Google, LLC ("Google") is a limited liability company organized and existing

25   under the laws of the State of Delaware and headquartered in Mountain View, California.  *Id.* ¶ 50.

26   Defendant Eric Schmidt is the former CEO and Chairman of Google.  *Id.* ¶ 54.  Google is a

27   subsidiary of Defendant XXVI Holdings Inc., which is a subsidiary of Defendant Alphabet Inc.

28   Case No.: 5:22-cv-02499-EJD
     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
                                        1

United States District Court
Northern District of California

*Id.* ¶ 50.  Alphabet Inc. is a publicly traded company incorporated and existing under the laws of the State of Delaware, and its principal executive offices are in Mountain View, California.  *Id.* ¶ 50.  Defendant Sundar Pichai is the current CEO of Alphabet Inc., and Google.  *Id.* ¶ 53.

Defendant Apple, Inc. ("Apple") is a corporation organized and existing under the laws of the State of Delaware, headquartered in Cupertino, California.  *Id.* ¶ 51.  Defendant Tim Cook is the current CEO of Apple. *Id.* ¶ 52.

**B.    Factual Background**

Plaintiffs allege Google and Apple entered into a contract in 2005 whereby Apple agreed to not compete by not entering the search engine business.  *Id.* ¶¶ 2, 4, 93.  In exchange, Google allegedly agreed to pay Apple a share of its profits, which has since accumulated to billions of dollars.  *Id.* ¶¶ 3, 31–39.  To enhance these shared profits, Apple allegedly agreed to use Google as the automatic general search engine for Apple's products.  *Id.* ¶ 5.  Plaintiffs allege that this agreement was formed and reaffirmed over the course of multiple secret clandestine meetings between the CEOs and Chairmen of Apple and Google (originally Steve Jobs and Defendant Eric Schmidt in the early 2000s, but presently Defendants Tim Cook and Sundar Pichai).  *Id.* ¶¶ 9, 10, 11, 12.  In support of this allegation, Plaintiffs include in their complaint two pictures allegedly depicting Defendant Cook and Defendant Pichai meeting for dinner. *Id.* ¶¶ 124, 125.

Plaintiffs allege that this agreement served as part of a *de facto* merger.  *Id.* ¶¶ 14, 79.  Plaintiffs cite the following alleged quotes as support:

- An unidentified senior Apple employee wrote to an unidentified Google counterpart following a joint meeting in 2018: "Our vision is that we work as if we are one company."  *Id.* ¶ 130.

- Defendant Schmidt stated on stage at an iPhone unveiling in 2007: "[Y]ou can actually merge without merging . . . . If we just sort of merged the two companies, we could just call them AppleGoo."  *Id.* ¶ 98.

- Apple's former general counsel Bruce Sewell described the relationship between Apple and Google as one of "co-opetition."  *Id.* ¶ 131.

As a result of this alleged agreement, Plaintiffs state they are threatened with harm and

Case No.: 5:22-cv-02499-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

1    damage because they have been deprived of the quality, service and privacy that they otherwise

2    would have enjoyed but for Google's anticompetitive conduct.  *Id.* ¶ 48.  Plaintiffs further allege:

3            [Plaintiffs] have also been forced to withstand prejudicial steering by
             Google, as well as the annoying and damaging distortion of search
4            results from Google in favor of Google's preferred advertisers. In
             addition, Plaintiffs have been damaged and continue to be threatened
5            with damage because they have used Google search in their
             businesses and have, as a result, been forced to bear the added expense
6            that results from distorted and steered search results. Further, Google
             has stunted innovation in new products that could serve as alternative
7            search access points or disruptors to the traditional Google search
             model.

8    *Id.*

9            Plaintiffs filed a private antitrust suit under Sections 4 and 16 of the Clayton Antitrust Act

10   to recover damages caused by and threatened by Defendants' violations and continued violations

11   of the Sherman Antitrust Act.  *Id.* ¶ 1.  Plaintiffs make two claims: (1) Defendants Google and

12   Apple formed a per se illegal agreement in violation of Section 1 of the Sherman Act, *id.* ¶¶ 135–

13   47, and (2) that the same agreement is a conspiracy to monopolize in violation of Section 2 of the

14   Sherman Act.  *Id.* ¶¶ 148–57.  Plaintiffs also allege fraudulent concealment.  *Id.* ¶¶ 152–61.

15   Plaintiffs seek declaratory and injunctive relief, damages, divestiture, and disgorgement.  *Id.* ¶¶

16   161–63.

17   **II.    LEGAL STANDARD**

18           Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

19   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

20   defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

21   granted under Rule 12(b)(6).  When deciding whether to grant a motion to dismiss under Rule

22   12(b)(6), the court must generally accept as true all "well-pleaded factual allegations."  *Ashcroft v.*

23   *Iqbal*, 556 U.S. 662, 664 (2009).  While a plaintiff need not offer detailed factual allegations to

24   meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief

25   that is plausible on its face.'"  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

26   (2007)).  The court must construe the alleged facts in the light most favorable to the plaintiff.  *See*

27   *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir.

28   Case No.: 5:22-cv-02499-EJD
     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
                                        3

United States District Court
Northern District of California

2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Claims sounding in fraud must also meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003). Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Typically, Rule 9(b) requires the party alleging fraud to plead "the who, what, when, where, and how" of the misconduct. *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III.    DISCUSSION

### A.    Per Se Illegal Agreement, Sherman Act Section 1

Plaintiffs claim Defendants entered into a per se illegal agreement in violation of Section 1 of the Sherman Act. Section 1 provides: "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C.A. § 1. Liability under Section 1 thus requires the existence of a "contract, combination . . . , or conspiracy, in restraint of trade or commerce." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). To survive a 12(b)(6) motion to dismiss, Plaintiffs must allege facts showing that Google and Apple reached the agreement to not compete and to share profits. They may do so by alleging either direct or circumstantial evidence of an agreement. *See In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1193–94 (9th Cir. 2015); *In re Citric Acid Litig.*, 191 F.3d 1090, 1093–94, 1104 n.8 (9th Cir. 1999).

#### 1.    Direct Evidence

Direct evidence of an agreement allows the Court to determine that an agreement exists

United States District Court
Northern District of California

with minimal further inference.  *In re Citric Acid Litig.*, 191 F.3d at 1093–94.  However, the bare
allegation that an agreement or conspiracy exists is conclusory and insufficient to satisfy pleading
standards.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047–48 (9th Cir. 2008) (citing *Twombly*,
550 U.S. at 553–58).  It is not enough to plead ultimate facts (i.e., existence of an agreement)—
Plaintiffs must plead evidentiary facts that could be used to prove existence of an agreement.
*Kendall*, 518 F.3d at 1047.

Here, Plaintiffs largely rely on conclusory allegations of an agreement for Apple not to
develop its own search engine.  To the extent they plead evidentiary facts, those facts are thin.  For
example, Plaintiffs allege statements without context and sometimes without identifying the
speaker: "[Y]ou can merge without merging," Compl. ¶ 98; "If we just sort of merged the two
companies, we could call them AppleGoo," *id.*; "Our vision is that we work as if we are one
company," *id.* ¶ 130; describing the relationship between Google and Apple as "co-opetition."  *Id.*
¶ 131.  These statements are too vague and are not alleged to be directed specifically to the issue
of search engines, and therefore they do not constitute direct evidence.  Likewise, Plaintiffs
include in their complaint photos allegedly showing Defendants Tim Cook and Sundar Pichai
having dinner to support allegations that senior leadership is having meetings.  *Id.* ¶¶ 124, 125.
Again, bare, conclusory allegations of meetings without more are insufficient.

## 2.    Circumstantial Evidence

Circumstantial evidence, on the other hand, can demonstrate agreement if allegations
demonstrate parallel conduct with certain plus factors.  *Twombly,* 550 U.S. at 553–54*; see In re
Musical Instruments Antitrust Litig.*, 798 F.3d at 1193–94 (discussing plus factors).

Plaintiffs argue the parallel conduct here is the fact that Apple has not entered the search
engine industry pursuant to the agreement and Google's payment to Apple for not entering the
search engine industry.  Tr. at 14, ECF 64.  Defendants argue there is no parallel conduct here
because parallel conduct occurs amongst horizontal competitors, and Apple and Google are not
competitors in the same industry. *Id.* at 25; Defs.' Mot. to Dismiss at 8–9, ECF 25.  Even
assuming that either fact constitutes parallel conduct, there are still no "plus factors" that are

Case No.: 5:22-cv-02499-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5

1    discernable from the complaint.

2        Plus factors are defined as actions and outcomes inconsistent with economic self-interest

3    but consistent with coordinated conduct.  *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 2022 WL

4    4830698, at *6 (S.D. Cal. Sept. 30, 2022).  "Allegations of facts that could just as easily suggest

5    rational, legal business behavior by the defendants as they could suggest an illegal conspiracy" are

6    insufficient to plead a Section 1 violation.  *Kendall*, 518 F.3d at 1049 (citing *Twombly*, 550 U.S. at

7    553–58 & n.5); *see also Iqbal*, 556 U.S. at 668 ("Where a complaint pleads facts that are merely

8    consistent with a defendant's liability, it stops short of the line between possibility and plausibility

9    of entitlement to relief." (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted)).

10   The only plus factor that Plaintiffs identify is that Google and Apple executives allegedly had

11   secret meetings.  Pls.' Opp'n to Defs.' Mot to Dismiss ("Opp'n") at 13, ECF 32; Tr. at 11, ECF

12   64.  However, this allegation could just as easily suggest rational, legal business behaviors as it

13   could suggest an illegal conspiracy, making it insufficient to plead a Section 1 violation. *See*

14   *Kendall*, 518 F.3d at 1049.

15       The Court finds that Plaintiffs have failed to allege either direct or circumstantial plausible

16   evidentiary facts showing that Google and Apple reached the alleged agreement in violation of

17   Section 1.  Therefore, the Court GRANTS Defendants' motion to dismiss count 1 with leave to

18   amend. *See Lopez,* 203 F.3d at 1127 (stating courts should grant leave to amend even if no request

19   was made "unless it determines that the pleading could not possibly be cured by the allegation of

20   other facts").

21       **B.        Conspiracy to Monopolize, Sherman Act Section 2**

22       Plaintiffs also claim that Defendants' alleged agreement is a conspiracy to monopolize in

23   violation of Section 2 of the Sherman Act.  Section 2 provides that "[e]very person who shall

24   monopolize, or attempt to monopolize, or combine or conspire with any other person or persons,

25   to monopolize any part of the trade or commerce among the several States, or with foreign nations,

26   shall be deemed guilty."  15 U.S.C. § 2.  To prove a conspiracy to monopolize, a plaintiff must

27   establish: "(1) the existence of a combination or conspiracy to monopolize; (2) an overt act in

28   Case No.: 5:22-cv-02499-EJD
     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

furtherance of the conspiracy; (3) the specific intent to monopolize; and (4) causal antitrust injury." *Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003).

For the reasons discussed above, *see supra* Part III.A, Plaintiffs' complaint fails to allege plausible facts showing direct or circumstantial evidence to prove the existence of any agreement preventing Apple from entering the search engine market, including a conspiracy agreement to monopolize.[1]  Therefore, the Court also GRANTS Defendants' motion to dismiss count 2 with leave to amend.

### C.    Standing

Private plaintiffs bringing antitrust suits must establish "antitrust standing," distinct from Article III standing.  *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1054 (9th Cir. 1999).  To evaluate whether a plaintiff has antitrust standing, courts balance several factors, including: "(1) the nature of the plaintiffs' alleged injury . . .; (2) the directness of the injury; (3) the speculative measure of the harm; (4) the risk of duplicative recovery; and (5) the complexity in apportioning damages."  *Id.*  A court "need not find in favor of the plaintiff on each factor," *id.* at 1055, but "[a] showing of antitrust injury is necessary."  *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 110 (1986).  To establish "antitrust injury" and satisfy the first factor, a plaintiff must meet four requirements: "(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent."  *Am. Ad Mgmt., Inc.*, 190 F.3d at 1054.  Further, a threshold step to identifying antitrust injury "is to accurately define the relevant market, which refers to 'the area of effective competition.'"  *Fed. Trade Comm'n v. Qualcomm Inc.*, 969 F.3d 974, 992 (9th Cir. 2020) (citing *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2285 (2018)) (internal quotations omitted).

Here, Plaintiffs have failed to plead an actionable antitrust injury.  Plaintiffs make various vague and conclusory allegations as to injury: prices are higher, production is lower, innovation is suppressed, quality is less (in terms of privacy, data protection, and use of consumer data), user

---

[1] The Court also did not find facts alleged in Plaintiffs' complaint to establish specific intent or injury. *See infra* Part III.C for further discussion on antitrust injury.

Case No.: 5:22-cv-02499-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1   choice is reduced, and search results are distorted or steered.  Compl. ¶ 48.  These claims are

2   insufficient as plead to establish antitrust injury.

3          First, plaintiffs are users of search engines, and because search engines are free, Plaintiffs

4   have not explained how prices could not be higher.  Second, the remaining injuries rely on a

5   highly attenuated causal chain that Plaintiffs fail to explain.  Plaintiffs have not drawn any line

6   between Apple's alleged agreement not to create a search engine and reductions in innovation or

7   production, poorer privacy practices, or distortion of search results.  Arguably user choice is less

8   because Apple is not an option, but even that claim is too speculative to establish standing at this

9   stage.  Further, Plaintiffs have failed to define the relevant market from which their injuries flow.

10  Plaintiffs reference multiple separate markets at various paints in their complaint—such as "U.S.

11  mobile search engine market," *id.* ¶ 24, "U.S. computer search engine market," *id.* ¶ 25, "U.S.

12  search engine market," *id.* ¶ 26, "the search market" *id.* ¶ 93, and "search advertising market" *id.* ¶

13  134—without once defining any market, let alone which market is relevant to Plaintiffs' injuries.

14         Thus, Plaintiffs have failed to allege facts plausible to establish antitrust injury, and

15  therefore have failed to establish standing at this stage.

16         **D.       Statute of Limitations**

17         A four-year statute of limitations applies to this action on its face.  *See* 15 U.S.C. § 15(b).

18  Thus, Plaintiffs claims are generally precluded to the extent they seek relief for injuries predating

19  April 22, 2018, four years before they filed suit.  Plaintiffs' attempts to invoke exceptions are

20  unsuccessful.

21         First, Plaintiffs allege "a continuing violation in that the unlawful revenue-sharing

22  continued from 2005 to the present."  Opp'n at 21; *see* Compl. ¶¶ 30–31. While Plaintiffs are

23  correct that each overt act that injures a plaintiff begins the statutory period under the Clayton Act,

24  "the commission of a separate new overt act generally does not permit the plaintiff to recover for

25  the injury caused by old overt acts outside the limitations period."  *Klehr v. A.O. Smith Corp.*, 521

26  U.S. 179, 189 (1997).  In other words, even if Plaintiffs properly alleged continuing overt acts that

27  caused injury within the statute of limitations, they are only entitled to relief for injuries occurring

28  Case No.: 5:22-cv-02499-EJD
    ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1   from that overt act within the statute of limitations. *See Cal. Crane Sch., inc. v. Google LLC*, No.

2   21-CV-10001-HSG, 2023 WL 2769096 (N.D. Cal. Mar. 31, 2023) (evaluating the Clayton Act

3   statute of limitations on the same factual issues and reaching the same conclusion). Further,

4   because Plaintiffs have failed to establish any overt act in their complaint, *see supra* Part III.A.,

5   they have certainly failed to establish a continuing violation that would restart the clock.

6         Second, Plaintiffs allege the fraudulent concealment exception applies. A fraudulent

7   concealment allegation must establish (1) defendant engaged in affirmative acts to mislead the

8   plaintiff; (2) plaintiff lacked actual or constructive knowledge; and (3) plaintiff acted diligently in

9   seeking to uncover facts. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir.

10  2012). Allegations of fraud are also subject to the heightened pleading standards in Federal Rule

11  of Civil Procedure 9(b). Fed. R. Civ. P. 9(b) (a party "must state with particularity the

12  circumstances constituting fraud"). Here, the only alleged affirmative act in Plaintiffs' complaint

13  is that Google and Apple executives had secret "clandestine" meetings, but the fact that Google

14  and Apple did not announce meetings to the world is not fraud. Especially considering the

15  heightened pleading standard applicable here, this alleged affirmative act is not sufficient to

16  plausibly plead a claim of fraud.[2]

## IV.    CONCLUSION

18        For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss WITH

19  LEAVE TO AMEND.

20        **IT IS SO ORDERED.**

21  Dated: August 18, 2023

22

23                                              _____

24                                              EDWARD J. DAVILA
                                                United States District Judge
25

26

---

[2] The Court finds Plaintiffs also did not plead facts sufficient to establish the two remaining elements of fraudulent concealment.

Case No.: 5:22-cv-02499-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

*(left margin, vertical text)* United States District Court / Northern District of California