UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY KATHERINE ARCELL, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC, et al.,<br><br>        Defendants. | Case No. 22-cv-02499-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 97, 105 |

    The Court requests that the parties be prepared to address the following questions at the hearing on Defendants' motion to dismiss (Dkt. No. 97) and Plaintiffs' motion for relief from the Court's prior dismissal order (Dkt. No. 105), set for June 18, 2024, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1. Were the portions of the trial testimony on which Plaintiffs rely in their motion for relief from the dismissal order sealed? If so, when were they unsealed?

2. In Google's view, can a consumer ever state an antitrust injury from their use of products that are provided without charging a fee?

3. In order to distinguish *In re Facebook Tracking*, Google draws a distinction between antitrust injury and injury-in-fact for purposes of Article III standing in consumer privacy cases. What authority supports Google's contention that an injury sufficient for injury-in-fact under Article III is not sufficient to constitute an antitrust injury?

4. Google argues that the alleged harm to consumers from using their search history to sell them ads is speculative, because it is difficult to know whether, absent the alleged anticompetitive conduct, other search providers would offer products that

did not use the search history. However, antitrust damages analysis commonly requires an assessment of the price and quantity of a product that would have been sold in a hypothetical universe in which the alleged anticompetitive conduct did not occur. Why is the analysis proposed by Plaintiffs in this case more speculative than the common scenario?

5. If the Court concludes that disgorgement of profits is not permissible in this case, would there still be a risk of duplicative recovery?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: June 13, 2024

RITA F. LIN
United States District Judge