1   Joseph M. Alioto, Esq. (SBN 42680)      John E. Schmidtlein (SBN 163520)
    Tatiana V. Wallace, Esq. (SBN 233939)    Carol J. Pruski (SBN 275953)
2   ALIOTO LAW FIRM                          WILLIAMS & CONNOLLY LLP
    One Sansome Street, Suite 3500           680 Maine Ave., S.W.
3   San Francisco, CA 94104                  Washington, D.C. 20024
    Telephone: (415) 434-8900                Telephone: (202) 434-5000
4   Email: jmalioto@aliotolaw.com            Facsimile: (202) 434-5029
                                             Email: jschmidtlein@wc.com
5   *Attorneys for Plaintiffs*               Email: cpruski@wc.com

6                                            *Attorneys for Defendants Google LLC,*
                                             *Alphabet Inc., and XXVI Holdings Inc.*
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12   MARY KATHERINE ARCELL, et al.,          Case No. 3:22-cv-02499-RFL-SK

         Plaintiffs,                         **PARTIES' ATTESTATION REGARDING**
13                                           **THE ENCLOSED JOINT LETTER**

14       v.

15   GOOGLE LLC, ALPHABET INC., and
     XXVI HOLDINGS INC.,

16       Defendants.

17

18

19       In accordance with Judge Kim's Standing Order, counsel for Plaintiffs from Alioto Law

20   Firm and counsel for Defendants from Williams & Connolly LLP met and conferred telephonically

21   before filing this joint letter and complied with Section 9 of the Northern District of California's

22   Guidelines for Professional Conduct regarding discovery.

23
     */s/ Joseph M. Alioto*                   */s/ John E. Schmidtlein*
24
     Joseph M. Alioto (SBN 42680)            John E. Schmidtlein (SBN 163520)
25   ALIOTO LAW FIRM                         WILLIAMS & CONNOLLY LLP

26   *Attorneys for Plaintiffs*               *Attorney for Defendants Google LLC,*
                                             *Alphabet Inc., and XXVI Holdings Inc.*
27

28

                                    -1-

October 30, 2025

Honorable Sallie Kim
United States District Court, Northern District of California

Re:  *Arcell, et al. v. Google LLC, et al.*, No. 3:22-cv-02499-RFL-SK
     **Joint Letter Regarding Deposition Notice to Sundar Pichai**

Dear Judge Kim,

In accordance with the Court's Standing Order, the parties submit this joint letter to address a dispute concerning the deposition of Sundar Pichai, the Chief Executive Officer of Defendants Google LLC and Alphabet Inc. Plaintiffs request that the Court compel the deposition of Mr. Pichai, and Defendants request that the Court preclude the deposition.

I.    **Plaintiffs' Position**

On January 16, 2025, Judge Lin, after three years, lifted the stay on discovery. After the stay was lifted, in February, Plaintiffs served discovery requests on Google. Google responded with blanket objections to the written discovery and refused depositions.  On April 29, 2025, (ECF 159) this Court held that depositions may be warranted after preliminary discovery.  Thereafter, in June, Defendants finally provided interrogatory responses and produced documents.  After receipt of these responses and documents, Plaintiffs noticed the depositions of Messrs. Pichai and Cook.

Plaintiffs have now obtained: 1) more than 24,700 pages of documents; 2) interrogatory responses; 3) transcripts of the D.C. trial proceedings, although some redacted;  4) the trial exhibits, although some redacted; and 5) documentary evidence showing motive and intent.  In addition, Plaintiffs have obtained photographic evidence of meetings between. Pichai and Cook. There is no claim that Messrs. Cook and Pichai are incompetent to testify; that their testimony is irrelevant, or may not lead to relevant evidence; or that their testimony is immaterial.

Moreover, neither Mr. Cook, nor Mr. Pichai, have filed any affidavits to support "good cause" that the depositions would in any way cause them "annoyance, embarrassment, oppression

October 30, 2025
Page 2 of 9

or undue burden or expense" under Rule 26(c)1; nor have they stated that they have no knowledge

of the issues noted by the Judge Lin in her Order denying Google's motion to dismiss; nor, finally,

have the deponents denied or refuted any of the findings of fact by Judge Mehta in *U.S. v. Google*.

Because these witnesses are hostile witnesses, Plaintiffs do not believe that Plaintiffs are

obligated nor required to reveal the questions that Plaintiffs intend to ask, nor to name the

documents that Plaintiffs intend to use during the depositions for impeachment or otherwise. The

arguments raised by Defendants appear at least partially designed to elicit the substance and

particulars of Plaintiffs' questions including any evidence that may be used to impeach them.

Defendants argue that Plaintiffs have not exhausted discovery. The only specific offered

by Defendants is that Plaintiffs did not ask for the prior deposition of Pichai. But this in no way

changes Plaintiffs' demand to now take his deposition. The prior deposition was used at trial 1)

to illustrate a fraudulent claim of attorney client privilege and 2) was used in the government's

opposition to summary judgment. The government cited the Pichai deposition to illustrate

Google's exclusive agreements. Defendants should now produce this prior deposition.

Burden of Proof. The defendants have the burden of proof with regard to these executive

depositions, as is stated succinctly by Rule 26(c)1: "the court may, for good cause, issue an order

to protect a party or person from annoyance, embarrassment, oppression or undue burden or

expense . . . ."

The Defendants have not shown any evidence of "good cause". There is no affidavit that

the deposition would cause "annoyance, embarrassment, oppression or undue burden or expense".

Argument by counsel is not evidence. Without supporting evidence, their motion must fail.

This burden of proof is not in any way changed because these deponents are high ranking

executives. In *Finisar Corp. v. Nistica, Inc*., 2015 WL 3988132, at *2 (N.D. Cal. June 30,

October 30, 2025
Page 3 of 9

2015)  the court stated, "Even when the apex doctrine is at issue . . . the burden remains on the

party seeking to avoid the deposition." And in *In re Transpacific Passenger Air Transp. Antitrust

Litig.,* 2014 WL939287, at *2 (N.D. Cal. Mar. 6, 2014)  the court stated "[C]ourts have rejected

burden-shifting for . . . 'apex' depositions . .  In other words, the party opposing discovery . . .

bears the burden of showing that the deposition should not be allowed."

The Mehta court's findings are replete with references to Mr. Pichai's direct involvement

in the exclusionary conduct, including the negotiation of the 2016 ISA agreement, and Google's

internal recognition of the competitive impact of these agreements. The court specifically credited

Mr. Pichai's testimony regarding the rationale for Google's distribution strategy. These are not

matters that can be fully explored through lower-level employees or written discovery.

The stated purpose of apex is to insulate only executives who have no knowledge of the

underlying facts sought to be discovered.  Moreover, discovery to date has identified the 2016 ISA

agreement which requires the chief executives of Google (Pichai) and Apple (Cook) to meet

regularly during the year to evaluate and enforce the terms of the ISA's exclusionary provisions.

Plaintiffs have uncovered contemporaneous photos verifying that Messrs. Pichai and Cook met

secretly at a restaurant in Palo Alto over drinks and dinner.  Both Mr. Pichai and Apple CEO Tim

Cook are uniquely positioned to testify concerning their meetings and conversations concerning

the central issues of knowledge, intent, and the competitive impact of these exclusionary default

agreements which were central to Judge Mehta's conclusion that Google had attained a monopoly

in the general search market.  Google's assertion that Mr. Pichai lacks "unique" and "non-

repetitive" knowledge is contradicted by the disclosure of these heretofore secret meetings with

Mr. Cook.  In addition, discovery has disclosed that Pichai has authored emails that will require

October 30, 2025
Page 4 of 9

his personal explanation.  This is precisely the type of unique, first-hand knowledge that cannot be obtained from other sources because the emails and memos were authored by Mr. Pichai.

Mr. Pichai's position as the chief executive officer of Google and his testimony about his role in the meetings with Apple and other executives will provide unique, first-hand information relevant to Plaintiffs' claims about whether, how, and when the parties came to and continued their agreement to exclude competition through their exclusive agreements in violation of Section 2. (*See Westly v. Superior Court,* 125 Cal. App. 4th 907, 911 (2004) and *Apple*, 282 F.R.D. at 265 acknowledging "the type of hands-on action which demonstrates the unique personal knowledge required to compel a deposition of a CEO.")

Conclusion. Plaintiffs submit that they have satisfied the Court's orders regarding discovery, and that, in light of Mr. Pichai's direct involvement in the conduct at issue, the apex doctrine does not bar his deposition. Plaintiffs respectfully request that the Court compel Mr. Pichai's deposition.  Plaintiffs request that the Court permit oral argument on this matter.

## II.    Defendants' Position

This case illustrates why "[v]irtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). Plaintiffs have not taken a single deposition in this case, yet they seek to begin with Mr. Pichai. But they have the benefit of previous testimony from Mr. Pichai in the very case that led to the filing of this one and have otherwise failed to exhaust other discovery methods. Defendants respectfully request that the Court preclude the deposition.

October 30, 2025
Page 5 of 9

*Background***:** This is Plaintiffs' third attempt to take Mr. Pichai's deposition. Plaintiffs are

26 individuals who use search engines. Their original complaint alleged that Defendants and Mr.

Pichai conspired with Apple and its CEO to refrain from competing in the "search business." ECF

1 ¶¶ 2, 10. Plaintiffs sought to depose Mr. Pichai and certain other apex executives while

Defendants' motion to dismiss was pending, and the Court accordingly stayed all discovery. ECF

47. The Court granted motions to dismiss the original complaint and two amended complaints,

including *dismissing with prejudice* all claims predicated on a purported conspiracy between

Google and Apple. ECF 94 at 4; ECF 119 at 5 n.2.

Having failed to plead a claim, Plaintiffs transformed their case into a suit against Google

alone for allegedly monopolizing the "general search services" market. On January 16, 2025, the

Court granted in part a motion to dismiss Plaintiffs' Third Amended Complaint, including

*dismissing with prejudice* all claims against Mr. Pichai. ECF 137 at 7. The Court denied the motion

to dismiss with respect to a single claim and theory, namely that "Google's allegedly

anticompetitive use of default contracts have precluded competitors" from offering "more privacy

protective and ad-free" general search engines. *Id.* at 2. The lone claim in this case "mirrors part

of" *United States v. Google LLC*, No. 20-cv-3010 (D.D.C.) ("DOJ Case"). ECF 159 at 1.

On February 12, 2025, Plaintiffs requested the depositions of Mr. Pichai and certain other

apex executives. This Court concluded that deposing the executives "at this time is not warranted,"

while noting that "Plaintiffs may be able to take their depositions at a later date, once they exhaust

other methods of discovery." *Id.* at 2. On May 13, 2025, Judge Lin agreed that "the requested

depositions are not warranted at this time under the apex doctrine." ECF 171 at 1. Since then,

Plaintiffs have not served *any* new written discovery requests, and they have not taken *any*

depositions. Mr. Pichai and Apple CEO Tim Cook are the *only* witnesses noticed for deposition.

October 30, 2025
Page 6 of 9

    ***Argument***: Mr. Pichai is subject to the "apex doctrine," which acknowledges "the practical reality that there is a potential for abuse when parties seek a deposition of a high-ranking official." ECF 159 at 2. "The factors courts consider in determining whether an apex deposition can take place are '(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id*. Both factors support precluding the deposition.

    *First*, Plaintiffs' single-minded attempt to depose Mr. Pichai disregards the Court's orders granting Google's motions to dismiss. Plaintiffs' approach to discovery has not changed since they baselessly alleged a horizontal conspiracy involving "secret meetings" between Mr. Pichai and Mr. Cook. *E.g.*, ECF 1 ¶¶ 52, 124. Plaintiffs continue to argue that a deposition is warranted because Mr. Pichai met with Mr. Cook, as indicated by publicly available photos from a public restaurant included in Plaintiffs' complaints. *E.g.*, *id.* But Plaintiffs have not even established the relevance of any such meetings given the Court's *dismissal with prejudice* of Plaintiffs' claim of a horizontal conspiracy involving the CEOs. *E.g.*, ECF 94 at 4; ECF 119 at 5 n.2.

    Plaintiffs also allude to high-level topics such as Mr. Pichai's understanding of the "rationale for Google's distribution strategy," but many Google employees deal with these issues on a daily basis. Moreover, Plaintiffs' assertion about "the negotiation of" a 2016 agreement is unavailing because the Court *dismissed with prejudice* their attempt to "seek recovery based on incidents that occurred before April 22, 2018." ECF 94 at 10.

    Plaintiffs are incorrect in asserting that Mr. Pichai (or anyone else) must submit a declaration addressing this dispute. This Court resolved the parties' dispute about this issue several months ago without any declarations, *see* ECF 159, and numerous courts have precluded apex depositions without declarations. *E.g.*, *Metabyte, Inc. v. Meta Platforms, Inc.*, 2025 WL 799040,

at *1 (N.D. Cal. Mar. 13, 2025) (precluding deposition of Meta's CEO); *AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.*, 2025 WL 1135681, at *2-3 (N.D. Cal. Apr. 16, 2025).

*Second*, even if Mr. Pichai purportedly had "unique" and "non-repetitive" information relevant to Plaintiffs' claim, a deposition is unwarranted because Plaintiffs "ha[ve] not shown that other less intrusive means of discovery, such as interrogatories, have been exhausted without success." *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *5 (N.D. Cal. Feb. 2, 2012). Plaintiffs have not served *any* new interrogatories since the Court denied their last request to depose Mr. Pichai, and none of the interrogatories served earlier in the case supports a deposition. Even when a party identifies specific statements made by an apex executive that it contends are a proper subject of examination (which Plaintiffs have not done here), a deposition should not occur if the party "has not served any written discovery" regarding the "statements." *Affinity Labs of Tex. v. Apple, Inc.*, 2011 WL 1753982, at *10 (N.D. Cal. May 9, 2011).

Furthermore, Plaintiffs have not attempted to depose *any* "lower-level employees." *Celerity*, 2007 WL 205067, at *4. This fact alone is fatal to their request because "unique personal knowledge by the high corporate official, *unavailable from less intrusive discovery*" is "an essential component of the standard for an apex deposition." *Id.* (emphasis added). The cases cited by Plaintiffs confirm that Mr. Pichai's deposition should not proceed here. In one case, the court allowed an apex deposition only after the movant "sought answers to" relevant "questions during the numerous other depositions," but no witness "was able to provide a substantive answer." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *2-3 (N.D. Cal. June 30, 2015). And in another case, the movants showed "they attempted to get information … through depositions of lower level employees," who "by and large, testified that they do not recall." *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2014 WL 939287, at *5 (N.D. Cal. Mar. 6, 2014). Unlike cases where

October 30, 2025
Page 8 of 9

"Plaintiffs' efforts to depose lower employees have led them to this point," *id.*, Plaintiffs here propose that they "*start* with [Google's] CEO instead of deposing any other witnesses," which the apex doctrine squarely prohibits. *Metabyte*, 2025 WL 799040, at *1.

Finally, an apex deposition is especially unwarranted here because the only claim copies the DOJ Case, where Mr. Pichai was cross-examined at deposition and trial about the topics referenced in Plaintiffs' submission, including discussions with Mr. Cook and other Apple executives. Yet Plaintiffs did not even *request* Mr. Pichai's deposition transcripts from the DOJ Case, which further illustrates their refusal to exhaust less intrusive discovery methods. Moreover, Plaintiffs refused to identify any purportedly relevant information that Mr. Pichai had not already provided in prior public testimony, which confirms that a highly intrusive apex deposition is improper in this case. The deposition should be precluded because Plaintiffs have refused to even attempt to satisfy the apex deposition standard described in the Court's previous order.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| /s/ Joseph M. Alioto | /s/ John E. Schmidtlein |
| Joseph M. Alioto (SBN 42680) | John E. Schmidtlein (SBN 163520) |
| ALIOTO LAW FIRM | WILLIAMS & CONNOLLY LLP |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |

October 30, 2025
Page 9 of 9

## SIGNATURE ATTESTATION

I, John E. Schmidtlein, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1, I hereby attest that all counsel whose e-signatures (/s/) appear on this document concurred in this filing.


DATED: October 30, 2025                    By: /s/ *John E. Schmidtlein*