| | |
|---|---|
| Joseph M. Alioto, Esq. (SBN 42680)<br>ALIOTO LAW FIRM<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104<br>Telephone: (415) 434-8900<br>Email: jmalioto@aliotolaw.com<br><br>*Attorneys for Plaintiffs*<br><br>(Additional counsel listed on signature page) | John E. Schmidtlein (SBN 163520)<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Ave., S.W.<br>Washington, D.C. 20024<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br>Email: jschmidtlein@wc.com<br><br>*Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY KATHERINE ARCELL, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC, ALPHABET INC., and XXVI HOLDINGS INC.,<br><br>　　　　Defendants. | Case No. 3:22-cv-02499-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Conference Date: January 28, 2026<br>Time:　　　　10:00 a.m.<br>Place:　　　　Remote (Zoom)<br>Judge:　　　　Hon. Rita F. Lin |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Civil Local Rule 16-10(d) and the Court's February 12, 2025 Minute Entry (ECF No. 143), Plaintiffs Mary Katherine Arcell, et al. and Defendants Google LLC, Alphabet Inc., and XXVI Holdings, Inc. hereby submit the following joint statement reporting progress or changes since the last case management statement was filed, making proposals for the remainder of the case development process, and reporting the parties' views about whether using some form of ADR would be appropriate.

**1. Progress Since the Last Case Management Statement**

Both sides have responded to written discovery requests and produced documents. Plaintiffs have conducted the deposition of a former Google employee and will be conducting the deposition of a current Google employee on January 29, 2026. Plaintiffs will also be conducting a Rule 30(b)(6) deposition of Defendants on that date. Defendants have conducted the deposition of a plaintiff and will be conducting the depositions of additional plaintiffs on January 22, January 27, and February 5, 2026. The last day to notice depositions of fact witnesses is February 5, 2026, and fact discovery closes on February 20, 2026.

**a. Plaintiffs' Separate Statement**

Plaintiffs have been prohibited from taking <u>any</u> depositions of Apple and Google officers and current employees. The only deposition Plaintiffs have been permitted to take so far is a Samsung employee and former Google employee who had nothing to do with Apple devices. The efforts to take these depositions reach back to the very filing of the case on April 22, 2022. Plaintiffs have consistently attempted to take depositions, served subpoenas, arranged court reporters, gave reasonable notice, but, in each instance, the subpoenas have been quashed and the depositions denied.

On August 3, 2022, Plaintiffs noticed the depositions of the following Google and Apple witnesses:

  Tim Cook

  Sundar Pichai

  Eric Schmidt

|   |   |
|---|---|
| Bruce Sewell | |
| "Apple Employee" | |
| "Google Employee" | |

The Defendants objected to these depositions and on October 31, 2022, the District Court entered an order staying all discovery pending the resolution of Defendants' motions to dismiss.

Two years later, on January 16, 2025, after the District Court in Washington DC, after a multi-week trial, found that Google had violated Section 2 of the Sherman Act and found that Apple's conduct was in furtherance and maintenance of the monopoly by reason of the multibillion dollar payments being made to Apple. According to the Court, these payments served to sideline Apple's entry into the market and "disincentivized" Apple from competing in the search market against Google.

On January 16, 2025, this Court, the Honorable Rita F. Lin, denied Google's motion to dismiss and lifted the stay on discovery. Immediately thereafter, Plaintiffs served interrogatories, document requests and, after investigation, on February 25, 2025, noticed the depositions for the following witnesses:

| | |
|---|---|
| Tim Cook | Apple |
| Sundar Pichai | Google |
| Eric Schmidt | Google |
| Larry Page | Google |
| Sergei Brin | Google |
| Eddy Cue | Apple |
| John Giannandrea | Apple |
| Benedict Gomes | Google |
| Luca Maestri | Apple |
| Bruce Sewell | Apple |
| Satya Nadella | Microsoft |

On April 29, 2025, the Magistrate recommended that Plaintiffs be denied the right to take these depositions and this Court adopted those recommendations.

Plaintiffs then fought for, obtained and reviewed supplemental answers to interrogatories and supplemental document productions which were received beginning on June 13 and June 16, 2025, all of which more fully disclosed the annual CEO meetings, the profit pooling and the intention of Apple to stay "on the sidelines" so long as the multibillion dollar payments continued to be made.

As a result of the review of the supplemental document production and supplemental interrogatory responses, on September 12, 2025, Plaintiffs again noticed the depositions of Sundar Pichai of Google and Tim Cook of Apple, both of whom participated in the annual meetings that implemented the unlawful profit pooling combination and which confirmed the continuation of the billion-dollar payments in exchange for Apple "staying on the sidelines".

On November 5, 2025, the Magistrate again recommended that Plaintiffs not be permitted to take these depositions.

Thereafter, the Plaintiffs, not being allowed to take the depositions of the CEO's who attended the meetings and who made the agreements and policy decisions, noticed the depositions of the second-tier executives as follows:

| | |
|---|---|
| Eddy Cue | Apple |
| Donald Harrison | Google |
| Peter Stern | Apple |
| Luca Maestri | Apple |
| John Giannandrea | Apple |
| Eric Schmidt | Google |
| Bruce Sewell | Apple |
| James Kolotouros | Google |

On December 15, the day that the first deposition in this series (Eddy Cue) was due to take place, the Magistrate quashed the subpoenas of all the Apple witnesses. Plaintiffs, in an attempt to understand what, if any, deposition discovery would be permitted by the Court, sought clarification of the Court's order, but the motion was denied as moot.

The only deposition that Plaintiffs have been permitted to take so far is the present Samsung employee who was formerly with Google but had nothing to do with the Apple and Google combination to exclude competition.

The subpoenaed deposition the former CEO of Google, Schmidt, was contested by Google and that subpoena was quashed by the Magistrate one week ago on January 14.

Still outstanding are Plaintiffs' Rule 45 subpoena duces tecum and Plaintiffs' 30(b)6 deposition subpoenas of the persons most knowledgeable at Apple (originally scheduled for January 14, 2026) and Google (originally scheduled for January 19, 2026). Apple has objected to the 30(b)6 deposition in toto, and Google has objected to the 30(b)6 deposition in part.

Finally, the deposition of Google's Harrison, which had previously been noticed for December 16, 2025, has been rescheduled several times for the convenience of the witness to January 29, 2026. He will also be designated and testify as a person most knowledgeable for the remaining issues in the Google 30(b)6 deposition that have not been objected to.

At no time has any deponent, while objecting to a deposition notice or in seeking to quash a subpoena, ever filed any evidence under Rule 26(c) showing good cause that the deposition would cause them any "annoyance, embarrassment, oppression, or undue burden or expense . . ." There has not been a scintilla of evidence by any deponent to support good cause. It is axiomatic that the argument of counsel is not evidence.

**b. Google's Separate Statement**

Plaintiffs' statement repeats the baseless arguments regarding depositions of apex executives that have been addressed on numerous occasions in this case. *See, e.g.*, ECF Nos. 171, 183, 191, 207. Instead of heeding the Court's rulings on this issue, Plaintiffs have repeatedly challenged the Court's recognition of the "well-established and appropriately applied" doctrine governing apex depositions. ECF No. 183. Plaintiffs are thus incorrect in asserting that they "have been prohibited from taking any depositions of … Google officers and current employees." Plaintiffs have chosen to pursue an improper strategy centered on pursuing irrelevant discovery from apex executives, and there is no basis for Plaintiffs to blame Google or the Court for their own tactics.

### 2. Remainder of the Case Development Process

Initial expert reports are due on March 6, 2026, rebuttal reports are due on April 17, 2026, and expert discovery closes on May 8, 2026.

Dispositive motions are due on June 2, 2026.

A pretrial conference is scheduled for October 6, 2026, and trial is set for November 2, 2026.

#### a. Plaintiffs' Separate Statement

Plaintiffs may bring the following motions: motion for summary judgment under Rule 56 as to profit pooling, foreclosure of substantial portions of the general search market, the division of markets, and for collateral estoppel; a motion under Section 5 of the Clayton Antitrust Act to establish the prima facia evidence of the violation based upon the Court's judgement of monopolization in *U.S. v. Google*; and a motion to reinstate Apple as a defendant in this case based upon the combination of Apple with Google, as has been found by Judge Mehta in his Findings of Fact in *United States v. Google*, and based as well upon the evidence that the Plaintiffs expect to elicit if given the opportunity to take the depositions of the persons setting the policy and the persons required to implement it.

#### b. Google's Separate Statement

Defendants plan to move for summary judgment.

### 3. The Parties' Views on ADR

No formal ADR has taken place, and the parties do not believe that ADR would be productive at this time.

DATED: January 21, 2026

By: /s/ *Joseph M. Alioto*
Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
ALIOTO LAW FIRM
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com

Lawrence G. Papale (SBN 67068)

By: /s/ *John E. Schmidtlein*
John E. Schmidtlein (SBN 163520)
Graham W. Safty (*pro hac vice*)
Kees D. Thompson (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com

| | | |
|---|---|---|
| 1 | LAW OFFICE OF LAWRENCE G. PAPALE | Email: gsafty@wc.com |
| 2 | 1308 Main Street, Suite 117<br>St. Helena, CA 94574 | Email: keesthompson@wc.com |
| 3 | Telephone: (707) 963-1704<br>Email: lgpapale@papale.com | *Attorneys for Defendants* |

1
2
3
4
5   Josephine Alioto (SBN 282989)
    THE VEEN FIRM
6   20 Haight Street
    San Francisco, CA 94102
7   Telephone: (415) 673-4800
    Email: j.alioto@veenfirm.com
8
9   Jeffrey K. Perkins (SBN 57996)
    LAW OFFICES OF JEFFREY K. PERKINS
10  1550-G Tiburon Boulevard, #344
    Tiburon, California 94920
11  Telephone: (415) 302-1115
    Email: jeffreykperkins@aol.com
12
13  Christopher A. Nedeau (SBN 81297)
    NEDEAU LAW PC
14  154 Baker Street
    San Francisco, CA 94117-2111
15  Telephone: (415) 516-4010
    Email: cnedeau@nedeaulaw.net
16
17  Robert J. Bonsignore, Esq.
    BONSIGNORE TRIAL LAWYERS, PLLC
18  23 Forest Street
    Medford, MA 02155
19  Phone: 781-856-7650
    Email: rbonsignore@classactions.us
20
21  *Attorneys for Plaintiffs*
22
23
24
25
26
27
28

**SIGNATURE ATTESTATION**

I, John E. Schmidtlein, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1, I hereby attest that all counsel whose e-signatures (/s/) appear on this document concurred in this filing.

DATED: January 21, 2026                    By: /s/ *John E. Schmidtlein*