UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY KATHERINE ARCELL, et al., | Case No. 22-cv-02499-RFL   (SK) |
| Plaintiffs, | |
| v. | **ORDER ON DISCOVERY DISPUTE REGARDING RULE12(B)(6) DEPOSITION NOTICE** |
| GOOGLE LLC, et al., | |
| Defendants. | Regarding Docket No. 209 |

Now before the Undersigned is the discovery dispute regarding Plaintiff's subpoena issued to non-party Apple, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6).  Apple complains that Plaintiffs have issued this subpoena before taking even a single deposition of Defendant Google.  Apple argues and Plaintiffs agree that Plaintiffs intend to use this process of discovery against Apple to renew Plaintiffs' attempt to name Apple as a defendant in the case.  Plaintiffs believe that the District Court will give Plaintiffs an opportunity to reverse the District Court's rulings eliminating Apple as a defendant in this case and that the District Court invited Plaintiffs to do renew that attempt.

Apple also argues that Plaintiffs are seeking information that already exists and that Plaintiffs have from the antitrust case, United States v. Google.  As noted in previous orders, Plaintiffs have access to the testimony and evidence from that case, which largely mirrors the allegations in this case.

"In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases).  When the requesting party has "not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party." *Id.*

United States District Court
Northern District of California

Further, "when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case." *Soto*, 282 F.R.D. at 505; *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.") (quashing subpoena to non-party where documents requested were in possession of party); *see also LegalZoom.com v. Rocket Law. Inc.*, 2015 WL 12832823, at *2 (N.D. Cal. Mar. 23, 2015) (denying motion to compel on same ground).  The Undersigned agrees that Plaintiffs must first attempt to seek discovery from Google about the issues that exist in the case – not issues that Plaintiffs hope to renew – before seeking this discovery.

In addition, the Undersigned agrees that, given the unusual posture of this case, which follows a very similar case, Plaintiffs must explain what they need that they cannot obtain from the testimony and evidence from *United States v. Google*.  Finally, the Undersigned is skeptical that using this process of discovery to renew an attempt to re-name Apple as a defendant in this case is a proper use of discovery.  For these reasons, the subpoena to Apple is QUASHED.

**IT IS SO ORDERED**.

Dated: January 28, 2026



SALLIE KIM
United States Magistrate Judge