UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY KATHERINE ARCELL, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC, et al.,<br><br>　　　　Defendants. | Case No.  22-cv-02499-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY SCHEDULE**<br><br>Re: Dkt. No. 219 |

　　　　Plaintiffs have filed a motion to modify the case schedule, which the Court construes as a motion for administrative relief under Civil Local Rule 7-11.  (Dkt. No. 219 ("Motion").)  Because Google has filed its opposition, the motion is deemed submitted.  Rule 7-11(c).  The Motion is **GRANTED IN PART AND DENIED IN PART** as detailed below.

　　　　Under the existing case schedule—set more than a year ago—fact discovery closed on February 20, 2026, and the parties' initial expert reports were due on March 6, 2026.  (Dkt. No. 143.)  Two days before the initial expert reports were due, Plaintiffs asked Google to stipulate to an extension, but Google declined.  (Motion at 2.)  One day before the deadline, Plaintiffs filed this Motion.  They argue that good cause exists for the extension under Federal Rule of Civil Procedure 16(b)(4) because they recently filed discovery disputes related to information that is "critical" to the reports.  (*Id.*)  The discovery disputes at issue were filed between one and three weeks ago, and Magistrate Judge Kim entered a ruling on the disputes on March 9, 2026.  (Dkt. Nos. 214, 215, 218, 221.)

　　　　Plaintiffs have failed to show good cause for an extension.  Plaintiffs chose to wait until the final four weeks of the fact discovery period to serve notices of deposition seeking testimony

that is purportedly crucial to expert reports that they knew were due mere weeks later. (Motion at 8–9.) Then, Plaintiffs waited until one day before their expert report deadline to request an extension, even though they had several weeks' notice that the outstanding discovery disputes were unlikely to be resolved with sufficient time to permit them to take the requested depositions and incorporate the required information into their reports. Under these circumstances, Plaintiffs have not shown the necessary diligence to be entitled to the extension that they have requested.

However, in light of Magistrate Judge Kim's order authorizing two additional depositions, Plaintiffs may take those two depositions, even though fact discovery has otherwise closed. No follow-up discovery will be permitted, given Plaintiffs' lack of diligence. If those depositions provide information that is important to the expert reports, the parties may meet and confer about supplementing their expert reports only to the extent such a supplement is necessary based on those two depositions; if the parties are unable to agree, the requesting party may move for leave to do so. (Dkt. No. 221.) The Motion is otherwise denied.

**IT IS SO ORDERED.**

Dated: March 10, 2026

_____
RITA F. LIN
United States District Judge
