Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Last Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary Katherine Arcell, *et al.*,<br><br>                    Plaintiffs,<br>vs.<br><br>GOOGLE LLC, ALPHABET INC., and XXVI HOLDINGS, INC.,<br><br>                    Defendants. | Case No: 3:22-cv-02499-RFL<br><br>**PLAINTIFFS' PETITION FOR RECONSIDERATON OF ORDER DATED MARCH 11, 2026**<br><br>Hearing Date: [To be set]<br>Time:                10:00 a.m.<br>Place:               Courtroom 15<br>                         18th Floor<br>Judge:              Hon. Rita F. Lin |

Plaintiffs petition this court for a rehearing of this Court's order dated March 11, 2026 (ECF 222). The grounds for this petition are that, in the opinion of the Petitioners, the court misapprehended or overlooked material points of fact and law which, if not misapprehended or overlooked, would have resulted in granting the motion for a modification of the expert discovery schedule.

In the Court's Order of March 11, 2026, one of the principal reasons given by the Court for denying the modification of the schedule was due to "plaintiffs lack of diligence". Order, p. 2.

In particular, the Court held that: "Plaintiffs chose to wait until the final four weeks of the fact discovery period to serve notices of deposition seeking testimony that is purportedly crucial to expert reports that they knew were due mere weeks later." Order, pp. 1-2.

The Petitioners submit that the Court is mistaken. The Plaintiffs have sought these very depositions and noticed these very depositions repeatedly over the last four years.

Contrary to the Court's accusations with regard to the diligence of the Plaintiffs to notice depositions of executives with crucial testimony, the facts show that the Plaintiffs have been attempting to take the depositions since the inception of the case in 2022.

On April 22, 2022, four years ago, Plaintiffs filed this antitrust action alleging that Google and Apple had violated the antitrust laws by pooling profits and dividing customers.

On July 12, 2022, Plaintiffs participated in a Rule 26(f) conference for initial disclosures and initial discovery plan, which Plaintiffs provided to Defendants, but which Defendants never provided to plaintiffs.

On August 3, 2022, Plaintiffs noticed the depositions of Tim Cook, Sundar Pichai, Eric Schmidt, Bruce Sewell, the Google employee who wrote or stated that Apple's potential competition was a "Code Red" and the Apple employee who wrote "Our vision is that we work as if we are one company."

On October 31, 2022, the District Court stayed all discovery pending the resolution of Defendants' motions to dismiss, notwithstanding that there is no federal rule permitting the stay of discovery pending motions to dismiss. This stay of discovery lasted until January,

2025. During that interim, on August 5, 2024, Judge Mehta in *United States v. Google, LLC*, 747 F. Supp. 3d 1 (D.D.C. 2024), issued findings of fact that Google had monopolized the general search market and that Apple had acted with Google in furtherance of that monopoly by signing exclusionary default agreements initially negotiated by Schmidt and Jobs starting in 2002, and then continued by Pichai and Cook.

On January 16, 2025, the stay was finally lifted on discovery.

On February 25, 2025, more than one year ago, Plaintiffs served interrogatories, document requests, and again noticed the depositions for the same witnesses.

On April 29, 2025, two months later, the Magistrate Judge denied Plaintiffs' request to depose these witnesses without prejudice, holding that depositions may be warranted after preliminary discovery. (ECF Nos. 159, 161).

During that time the Plaintiffs obtained and reviewed supplemental interrogatory responses and document productions (beginning June 13 and June 16, 2025), which corroborated the allegations of Plaintiffs that Apple and Google combined and cooperated as partners to share profits so long as Apple stayed on the sidelines.

On September 12, 2025, Plaintiffs again noticed the depositions of Sundar Pichai and Tim Cook. Two months later, on November 5, 2025, the Magistrate Judge again denied these depositions without prejudice. (ECF No. 175). On November 12, 2025, Plaintiffs, frustrated and unsure of what "less-invasive" discovery meant in the context of this antitrust case, requested (ECF 176) an *in camera* submission to the magistrate of Plaintiffs' evidence supporting their planned strategies and tactics without having to disclose them to Defendants. The *in camera* submission request was denied on November 18, 2025. (ECF 179).

On November 21, 2025 , to satisfy the Magistrate, but contrary to the way the Plaintiffs intended to prosecute the case, Plaintiffs then noticed the depositions of "less-

intrusive" secondary and tertiary level executives: Eddy Cue, Peter Stern, Luca Maestri, John Giannandrea, Bruce Sewell, Donald Harrison, Eric Schmidt (former EEO), and James Kolotouros.

On December 15, 2025, the day the first deposition (Eddy Cue) was scheduled to begin, the Magistrate Judge quashed all the subpoenas of all Apple witnesses without prejudice. (ECF No. 187).  On December 24, 2025, Christmas Eve, Plaintiffs moved for clarification of the December 15, 2025, Order and for a discovery status conference (ECF 188). On December 29, 2025, Plaintiffs filed an objection to the December 15 Order (ECF 189). On January 7, 2026 (ECF 191), this Court denied the objection.  On January 8, 2026, Plaintiffs motion for clarification and for a status conference was denied as moot. (ECF 197).

On January 8, 2026, Plaintiffs took one of the only two depositions Plaintiffs were permitted to take, that of James Kolotouros.  On January 29, 2026, Plaintiffs took their second deposition in this case, the purported 30(b)6 deposition of Donald Harrison, in which Plaintiffs learned that the deponent had failed to interview any of the actors knowledgeable of the Rule 30(b)6 issues, except for a cursory thirty minute discussion with Pichai.

On January 14, 2026, the Magistrate Judge quashed the notice and subpoena for the deposition of Eric Schmidt without prejudice. (ECF No. 207).

On January 19, 2026, Plaintiffs served their Rule 30(b)6 notice seeking information relating to the Screenwise Study conducted by Google and on February 3, 2026, Plaintiffs again noticed the depositions of Pichai, Schmidt, Page, Cook, Cue, Giannandrea, Maestri, Sewell, Stern, Drummond, Braddi and Kharabanda.  On March 9, 2026, the Magistrate Judge issued the Order (ECF No. 221) denying Plaintiffs' motion to compel the Rule 30(b)(6) deposition which had information concerning Google's Screenwise Study that would show the

damages sustained by Google users such as Plaintiffs. The Magistrate Judge also denied the depositions of all the witnesses noticed, except for two, Braddi and Kharabanda.

The Plaintiffs respectfully submit that the foregoing recitation of the facts demonstrates, in the opinion of the Plaintiffs, that this Court misapprehended and overlooked material facts which would conclusively demonstrate that, in fact, contrary to the Court's accusations, Plaintiffs did not "choose to wait until the final four weeks of the fact discovery period to serve notices of depositions seeking testimony that is purportedly crucial . . . ," or that, "Plaintiffs have not shown the necessary diligence to be entitled to the extension that they have requested," or that there has been any showing of "Plaintiffs' lack of diligence."

Pursuant to the guidelines of Rule 1 of the Federal Rules of Civil Procedure that the rules "should be construed, administered and employed by the Court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding," the Court should reconsider its Order and grant the Plaintiffs' motion to modify the schedule allowing the Plaintiffs to take the necessary discovery to properly inform their potential expert.

Dated: March 12, 2026       By:     /Joseph M. Alioto/
                                    Joseph M. Alioto (SBN 42680)
                                    Tatiana V. Wallace, Esq. (SBN 233939)
                                    ALIOTO LAW FIRM
                                    One Sansome Street, 35th Floor
                                    San Francisco, CA  94104

                                    Attorneys for Plaintiffs