UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARY KATHERINE ARCELL, et al., | Case No. 22-cv-02499-RFL |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| GOOGLE LLC, et al., | |
| Defendants. | Re: Dkt. Nos. 223, 225 |

Plaintiffs seek reconsideration of the Court's Order granting in part and denying in part a request to extend the deadline for exchanging initial expert reports, Dkt. No. 222, and also seek relief from Magistrate Judge Kim's Discovery Order, Dkt. No. 221, as amended by Dkt. No. 227. (Dkt. Nos. 223, 225.)  Plaintiffs' motions are **DENIED**.

The motion for reconsideration is denied because Plaintiffs have not raised a valid basis for reconsideration. The Order does not fail "to consider material facts or dispositive legal arguments." Civ. Local R. 7-9(b)(3). First, the record shows that Plaintiffs delayed pursuing certain discovery, including the depositions of two Google employees which they noticed for the first time only weeks before expert reports were due. Plaintiffs' tactical decision to relentlessly seek depositions of senior executives of Google and non-party Apple—without first showing that they had sought the information by less burdensome and more convenient means, *see* Federal Rule of Civil Procedure 26(b)(1) & (b)(2)(C)—does not amount to diligence in this context. More importantly, Plaintiffs were on notice for at least several weeks that their discovery disputes would not be resolved in time to incorporate relevant information into their expert reports before the reports were due, yet they waited until one day before the deadline to

1

exchange expert reports to seek an extension.  Therefore, as already found, Plaintiffs have failed to demonstrate diligence to support their request to modify the case schedule.  Fed. R. Civ. P. 16(b)(4).

The motion for relief from nondispositive pretrial order of magistrate judge is also denied.  Having reviewed Judge Kim's amended Discovery Order,[1] the motion for relief (Dkt. No. 225), as well as the joint letter briefs submitted about the discovery disputes (Dkt. Nos. 214, 215, 218), the Discovery Order is well-reasoned and is not clearly erroneous or contrary to law.  It was not clear error for the Discovery Order to find that the requested depositions are not proportional to the needs of the case and are not warranted in light of Plaintiffs' failure to first seek less burdensome discovery.  *See* Fed. R. Civ. P. 26(b)(1) & (b)(2)(C).  Nor was it clear error to refuse Plaintiffs' request to conduct a Rule 30(b)(6) deposition on a new topic. Plaintiffs had already previously noticed a Rule 30(b)(6) deposition without including this topic, and the topic's only apparent relevance is to a claim that was previously dismissed.

**IT IS SO ORDERED.**

Dated: March 16, 2026

RITA F. LIN
United States District Judge

---

[1] Plaintiffs filed their motion for relief without the benefit of Judge Kim's amended order.  (Dkt. No. 227.)  However, the amendment does not appear to materially change the arguments available to Plaintiffs, and Plaintiffs have not withdrawn their motion.  Therefore, the Court will consider the motion.