UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY KATHERINE ARCELL, et al.,

Plaintiffs,

v.

GOOGLE LLC, et al.,

Defendants.

Case No. 22-cv-02499-RFL (SK)

**ORDER ON APPLE'S MOTION FOR SANCTIONS**

Regarding Docket No. 230

Non-party Apple, Inc. ("Apple) seeks sanctions against Plaintiffs' counsel – the Alioto Law Firm, Law Offices of Lawrence G. Papale, The Veen Firm, Bonsignore Trial Lawyers, PLLC, Nedeau Law PC, the Law Offices of Jeffrey K. Perkins, and Law Offices of Theresa D. Moore (collectively, "Plaintiffs' Counsel") – in the form of attorneys' fees and cost under Federal Rule of Civil Procedure 45 and/or under Federal Rule of Civil Procedure 37. Apple also seeks a protective order under Federal Rule of Civil Procedure 26.

**BACKGROUND**

This matter mirrors part of the case in which the United States also sued Defendant Google LLC ("Defendant Google") for violating antitrust laws by exercising monopolistic power in markets for general search services and general search text ads and for charging supracompetitive prices. (*Compare* Dkt. No. 137 (Order granting in part and denying in part motion to dismiss Third Amended Complaint) *with United States v. Google*, LLC, 747 F. Supp. 3d 1 (D.D.C. 2024) ("*United States v. Google*").) In *United States v. Google*, the Court held a bench trial and found that Defendant Google violated Section 2 of the Sherman Antitrust Act. 47 F. Supp. 3d at 32-33.

In this case, the presiding judge dismissed Apple and Tim Cook, Apple's CEO ("Cook") as defendants with prejudice on April 23, 2024. (Dkt. No. 104.) The full text of the Order states:

> Defendants Apple Inc. and Tim Cook's Motion to Dismiss is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The Court VACATES the hearing set for April 30, 2024 and GRANTS the motion to dismiss. The Second Amended Complaint contains no claims against Apple and Cook,

United States District Court
Northern District of California

United States District Court
Northern District of California

> though they are named in the caption, and Apple and Cook are therefore dismissed with prejudice from the case. (See Dkt. No. 94 at 10 (warning Plaintiffs that failure to meet the deadline to assert claims in a second amended complaint would result in "dismissal with prejudice").) *Plaintiffs state in their opposition brief that they intend to file various other motions to seek leave to amend to add Apple and Cook back into the case. Those motions are not before the Court at this time, and will be addressed if and when they are filed.*

(Dkt. No. 104) (emphasis added).

After that ruling, on August 9, 2024, the presiding judge denied Plaintiffs' motion for relief from that order, rejected Plaintiffs' reliance on purported "newly discovered" evidence from the trial in *United States v. Google,* and denied Plaintiffs' motion for relief from the dismissal Order. (Dkt. No. 118.) On September 19, 2024, Plaintiff filed a letter seeking to reallege dismissed claims about the alleged attempt by Defendant Google and Apple to engage in monopolistic behavior. (Dkt. No. 122.)

On September 20, 2024, the presiding judge struck Plaintiffs' letter in an order stating:

> The Court notes that it has already dismissed with prejudice without leave to amend Plaintiffs' Section 1 and Section 2 claims based on an alleged horizontal agreement between Google and Apple, under which Apple allegedly agreed not to compete in the general search services market, because Plaintiffs had multiple opportunities to adequately plead such a claim but failed to do so.

(Dkt. No. 123.) The presiding judge held that "Plaintiffs may not assert a claim based on a horizontal agreement in which Apple agreed not to enter the search market." (*Id.*)

On November 25, 2024, Plaintiffs filed a motion to file a Fourth Amended Complaint, seeking to rename Apple and Cook as defendants. (Dkt. No. 126.) On January 16, 2025, the presiding judge denied Plaintiffs' motion. (Dkt. No. 138.) The presiding judge again explained that Plaintiffs' proposed claim based on an alleged secret horizontal agreement between Defendant Google and Apple had been dismissed with prejudice because "Plaintiffs had multiple opportunities to provide facts supporting those allegations but failed to do so[.]" (Dkt. No. 138 at p. 2 (quoting Dkt. No. 119 at p. 5, n. 2.) Plaintiffs did not demonstrate any grounds for having "another bite at the apple." (Dkt. No. 138 at p. 2.)

On February 14, 2025, Plaintiffs served interrogatories and document requests on Defendant Google. (Dkt. No. 238-1 (Declaration of Joseph M Alioto) at ¶ 21.) Plaintiffs do not

specify what documents they sought or what topics on which they requested discovery. (*Id.*)

**A. Plaintiffs' First Set of Subpoena to Apple's Executives.**

On March 10, 2025, Plaintiffs served deposition subpoenas under Federal Rule of Civil Procedure 45 for Apple's current and former Apple senior executives: (1) Cook, (2) Eddy Cue, Senior Vice President, Services, (3) John Giannandrea, Senior Vice President, Machine Learning and AI Strategy, (4) Luca Maestri, former CFO and current Vice President, Corporate Services, and (5) Bruce Sewell, former General Counsel. (Dkt. No. 230-1 (Declaration of Aaron T. Chiu) at ¶ 13; Dkt. No. 151-1 (subpoenas).)

Apple objected to the subpoenas, and the parties submitted a letter brief to the undersigned about the dispute. (Dkt. No. 151.) Apple sought protection under both Rules 26 and 45, and Apple argued that Plaintiffs should not be able to take depositions of Apple's most senior executives without first showing that they had exhausted other, less intrusive means of discovery, such as discovery from Defendant Google. (*Id.*) Plaintiffs argued that they were entitled to discovery against Apple's senior executives because they "directly participated in negotiating the exclusionary agreements noted by Judge Mehta [in the *United States v. Google*], have aided and abetted the monopoly alleged by plaintiffs, have signed the Google-Apple contracts or have participated in meetings with their Google counterparts in which the offending agreements have been negotiated, confirmed and performed." (*Id.*) Plaintiffs argued that they were entitled to "cross-examine" these Apple senior executives regarding the agreements between Defendant Google and Apple. (*Id.*)

On April 29, 2025, the undersigned quashed the subpoenas and held that Plaintiffs had failed to first "seek information from other, less intrusive discovery methods" and to "exhaust other methods of discovery," as required by the apex doctrine, which "is shorthand for analyzing a common situation in which a party attempts to depose an opponent's high-ranking officers before seeking information from other sources. (Dkt. No. 161 at 3.) The undersigned noted: "Plaintiffs have made no attempt to seek information from other less intrusive discovery methods." (*Id.*) The undersigned concluded: "Plaintiffs may be able to take their depositions at a later date, once they exhaust other methods of discovery." (*Id.*)

The presiding judge in this matter affirmed the Order. (Dkt. No. 171.)

**B. Defendant Google's Production of Documents.**

On June 13 and June 16, 2025, Defendant Google produced documents to Plaintiffs. (Dkt. No. 238-1 at ¶ 25.) Defendant Google produced more than 68,939 pages of documents from approximately 2,588 files and responded to interrogatories. (Dkt. No. 238-1 at ¶ 25.) Defendant Google's production included information concerning monthly payments from Defendant Google to Apple under the Information Services Agreement, documents concerning the negotiation and terms of the default-search agreements, and communications between senior Defendant Google's and Apple's executives regarding those arrangements. (Dkt. No. 238-1 at ¶ 25.) Also in June of 2025, Defendant Google provided responses to interrogatories, transcripts and other pleadings and documents from *United States v. Google*. (Dkt. No. 173.)

**C. Plaintiffs' Second Set of Subpoenas to Apple's Executives.**

**1. Deposition Subpoena to Cook.**

On October 3, 2025, Plaintiffs again served a deposition subpoena on Cook. (Dkt. No. 238-1 at ¶ 26; Dkt. No. 173-1.) On October 29, 2025, the parties submitted a letter brief regarding a dispute over the subpoena to the undersigned. (Dkt. No. 173.) Apple again sought protection and asked the undersigned to quash the subpoenas. (*Id.*) Apple pointed out that Plaintiffs had not exhausted less burdensome discovery such as depositions of Defendant Google and its employees or written discovery from non-parties. (*Id.*) Plaintiffs argued that they had taken the discovery they needed from Defendant Google in the form of documents, as noted above, and that they had photographic evidence of a meeting between Defendant Google's Chief Executive Officer and Cook. (*Id.*) Plaintiffs argued that the agreement between Defendant Google and Apple created an unlawful sharing of profits that created the "unlawful foreclosure of 90% of the market through defaults," as noted in the ruling on *United States v. Google*, and, thus, Plaintiffs were thus entitled to take Cook's deposition. (*Id.*)

On November 4, 2025, the undersigned again quashed the subpoena, citing the "same reasons set forth in the previous Orders[:]" that Plaintiffs had failed to first exhaust other, less intrusive means of discovery. (Dkt. No. 175 at 1.) Specifically, the undersigned wrote:



United States District Court
Northern District of California

> Although Plaintiffs have received some discovery from Defendants, they have taken no depositions of any person and issued no written discovery requests to Apple. . . . [I]n in the absence of an explanation for why they seek depositions from them first, without any other depositions, the Court finds that the attempt to depose Cook and Pichai is still premature. This Order is without prejudice to Plaintiffs seeking to depose Cook and Pichai if they are able to demonstrate a need to do so after exhausting other methods of discovery.

(Dkt. No. 175.)

On November 12, 2025, Plaintiffs sought to present information to the undersigned *in camera* in support of their efforts to obtain discovery from Apple, and the undersigned denied that motion on November 18, 2025. (Dkt. Nos. 176, 179.) On November 21, 2025, the presiding judge again overruled Plaintiffs' objections to the undersigned's discovery orders. (Dkt. No. 183.)

**2. Deposition Subpoenas to Five Apple Executives.**

On November 25, 2025, Plaintiffs again issued subpoenas to Apple's current and former senior executives: (1) Cue, (2) Giannandrea, (3) Maestri, and (4) Sewell. (Dkt. Nos. 185, 185-1.) Plaintiffs also issued a subpoena to another individual, Peter Stern, former Vice President, Services ("Stern"). (*Id.*) Apple sought relief in the form of a letter brief in which Apple again argued that Plaintiffs had not taken a single deposition of a witness from Defendant Google, had not served any request for documents from Apple, and had not identified any facts not contained in the record of *United States v. Google* to support their position. (Dkt. No. 185.) Plaintiffs presented the same arguments that they had previously argued: "Apple and it's [sic] willingness to participate in Google's exclusionary default agreements is [sic] an integral part of Plaintiffs' monopolization case against Google." (*Id.*) Plaintiffs also argued that, although some of these executives had testified in the trial of *United States v. Google*, "Plaintiffs need to ask their own questions tailored to their own issues in order to support their claims of monopolization against Google." (*Id.*)

On December 15, 2025, the undersigned quashed these subpoenas, noting:

> This dispute is identical to the earlier dispute in which Plaintiffs sought these individuals' depositions. The Court denied Plaintiffs' request on April 29, 2025 and noted that Plaintiffs had not taken sufficient discovery from less intrusive means from actual parties in this case. After eight months, Plaintiffs fail to make a showing that they have taken that discovery to justify this second request.

(Dkt. No. 187.)

On December 24, 2025, Plaintiffs filed a motion for clarification of the undersigned's Order but then on December 29, 2025, filed objections to the discovery Order to the presiding judge, before Plaintiffs' motion for clarification was addressed. (Dkt. Nos. 188, 189.) On January 7, 2026, the presiding judge, again, affirmed the discovery order quashing the subpoenas. (Dkt. 191.) On January 8, 2026, the undersigned then denied the motion for clarification as moot. (Dkt. No. 197.)

**D. Plaintiffs' Document Requests to Apple.**

On December 16, 2025, Plaintiffs served document requests on Apple. (Dkt. No. 230-1 at ¶ 35; Dkt. No. 238-1 at ¶ 33.) Plaintiffs do not describe what they sought in these document requests. (Dkt. No. 238-1 at ¶ 33.) In response, Apple produced all transcripts from the deposition and trial testimony of its executives in *United States v. Google*. (Dkt. No. 230-1 at ¶¶ 36-37; Dkt. No. 238-1 at ¶ 37.)

**E. Plaintiffs' Deposition Subpoena to Apple.**

On December 24, 2025, Plaintiffs then served a deposition subpoena on Apple pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"). (Dkt. Nos. 209, 209-1, 230-1 at ¶ 38.) On January 22, 2026, Apple moved to quash the subpoena arguing, *inter alia*, that Plaintiffs still had not taken any depositions of Defendant Google, that Plaintiffs had access to thousands of pages of sworn testimony given by Apple's witnesses in *United States v. Google*, and that Plaintiffs were trying to find evidence to reinstate Apple as a defendant. (Dkt. No. 209.)

Plaintiffs agreed that they sought the information to find evidence to re-name Apple as a defendant in this case. (*Id.*) Plaintiffs also argued that the presiding judge invited them to seek amendment of their claims, and again, Plaintiffs cited to the presiding judge's Order of April 23, 2024, in which the presiding judge dismissed Apple and Cook as defendants. (*Id.*) Plaintiffs stated: "Apple complains that the intent behind this discovery is to make it a defendant. But this should not come as a surprise." Plaintiffs argued that they were justified in seeking evidence to re-name Apple as a defendant. (Dkt. No. 209 (citing Dkt. No. 104).) Plaintiffs stated:

> This Court having stated that she would entertain a future motion, Plaintiffs have

United States District Court
Northern District of California

> therefore endeavored to conduct not only discovery to demonstrate that Apple and Cook should be returned to the case, but also discovery to support their claim for monopoly against Google, which had relied upon the very contracts that are sought to be proved by this 30(b)6 deposition to be in violation of the antitrust laws.

(Dkt. No. 209.)

Plaintiffs also argued that the issues in *United States v. Google* were different from the case at bar because the parties – the government in *United States v. Google* versus individual plaintiffs in this case – are different. (*Id.*) Plaintiffs also argued that they sought documents from a wider time period than allowed in *United States v. Google*. (*Id.*)

On January 28, 2026, the undersigned quashed the subpoena. (Dkt. No. 211.) The undersigned reasoned that Plaintiffs were first required to attempt to seek discovery from Defendant Google about issues that exist in the case and that, "given the unusual posture of this case, which follows a very similar case, Plaintiffs must explain what they need that they cannot obtain from the testimony and evidence from *United States v. Google*." (*Id.*) Finally, the undersigned expressed skepticism that using discovery in "an attempt to re-name Apple as a defendant in this case is a proper use of discovery." (*Id.*)

**F. Plaintiff's Deposition of Google's Employees.**

On January 8, 2026, Plaintiffs deposed Defendant Google's employee James Kolotouros regarding aspects of Defendant Google's relationship with Apple under the Information Services Agreement, and on January 29, 2026, Plaintiffs deposed Defendant Google's executive Donald Harrison personally and as Google's Rule 30(b)(6) designee on topics relating to agreements between Defendant Google and Apple. (Dkt. No. 238-1 at ¶¶ 36, 41.)

**G. Plaintiffs' Third Set of Subpoenas to Apple's Employees.**

In early February 2026, Plaintiffs again sought to depose Apple's current and former senior executives (Cook, Cue, Giannandrea, Maestri, Sewell, and Stern). (Dkt. No. 215-1.) In the joint discovery letter about these subpoenas, Plaintiffs again stated their intent to use this discovery to find evidence to reinstate Apple as a defendant. (Dkt. No. 215.) Plaintiffs stated:

> These depositions will provide cogent evidence for reinstatement of Apple as Plaintiffs previously advised the court. (Judge Lin acknowledged in her Order at ECF 104 that Plaintiffs "intend to file various other motions to seek leave to amend to add Apple and Cook back into the case" which motions would be addressed

when they are filed.)

(Dkt. No. 215.)[1] Plaintiffs also argued that the evidence they sought went to "motives and intents [sic]" behind the agreement between Defendant Google and Apple. (*Id.*) Plaintiffs argued that four of the six potential witnesses had not testified in the trial of *United States v. Google*. (*Id.*) Plaintiffs also, again, failed to identify any discovery that they sought from Defendant Google before seeking to depose non-party Apple's current and former senior executives. (*Id.*) Apple argued that nothing had changed since Plaintiffs last attempted to take the depositions and that the same arguments applied.

On March 13, 2026, the undersigned, again, quashed these deposition subpoenas. (Dkt. No. 227.) The undersigned noted that Plaintiffs still had not demonstrated that they pursued discovery in other ways or that they needed material or testimony in addition to what was available from *United States v. Google*. (*Id.*) On March 16, 2026, the presiding judge, again, affirmed the discovery order quashing these deposition subpoenas. (Dkt. No. 229.) The presiding judge took notice of Plaintiffs' "tactical decision to relentlessly seek depositions of senior executives of . . . non-party Apple—without first showing that they had sought the information by less burdensome and more convenient means". (*Id.*)

Non-expert discovery closed in this case on February 20, 2026. (Dkt. No. 143.)

## ANALYSIS

Apple argues that Plaintiffs violated Rule 45 because they failed to take reasonable steps to avoid imposing an undue burden on a non-party and that sanctions are warranted as a result. *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 629225, at *8 (N.D. Cal. Feb. 27, 2012); *see also Gamefam, Inc. v. WowWee Grp. Ltd.*, 2024 WL 1181001, at *5 (N.D. Cal. Mar. 18, 2024). "A court may . . . impose sanctions [under Rule 45] when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). Apple seeks its attorneys' fees in opposing the repeated Rule 45 notices. A court may award reasonable attorneys' fees as a

[1] Although Plaintiffs characterized the comments as an invitation to attempt to re-name Apple as a defendant, no comments support that characterization.

United States District Court
Northern District of California

sanction under Rule 45. Fed. R. Civ. P. 45(d)(1).

Apple also argues that sanctions should be awarded under Rule 37(a)(5)(B), for Apple's attorneys' fees incurred in opposing Plaintiffs' motion to compel or in seeking the Court's assistance in resolving these disputes over the subpoenas. *See Catapult Communs. Corp. v. Foster*, 2009 WL 2707040 at *2 (N.D. Ill. Aug. 25, 2009). Rule 37(a)(5)(B) provides that, when a court denies a motion to compel discovery, the court "must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion to compel was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B); *see also* Advisory Comm. Notes, 1970 Amend. (expenses should "ordinarily be awarded [under Rule 37(a)(5)] unless a court finds that the losing party acted justifiably in carrying his point to court"). A motion to compel is "substantial[ly] justifi[ed]" only if there is a "genuine dispute" or "reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citation omitted). The burden is on the party opposing the motion for sanctions to show that its motion or position was "substantially justified." *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Specifically, Plaintiffs seek sanctions under Rule 45 for serving deposition subpoenas for (1) five current and former Apple executives on November 25, 2025, (2) the Rule 30(b)(6) corporate representative of Apple on December 24, 2025 and/or (3) six current and former Apple executives on February 11, 2026. In addition, Apple seeks under Rule 37(a)(5)(B) an award of Apple's attorneys' fees and costs incurred in filing joint letter briefs where Apple moved to quash and/or opposed Plaintiffs' motions to compel the November 25, 2025, December 24, 2025, and February 11, 2026 subpoenas. Apple also seeks, under either Rule 45 or 37, a sanction against Plaintiffs' counsel and an order for them to pay Apple's attorneys' fees associated with the following: (1) Apple's motion to quash the five November 25, 2025 deposition subpoenas, (2) Apple's opposition to Plaintiffs' Motion for Clarification of the Court's Order quashing the November 25, 2025 deposition subpoenas, (3) Apple's motion to quash the December 24, 2025 30(b)(6) deposition subpoena, and (4) Apple's motion to quash the six February 11, 2026

deposition subpoenas. Apple also seeks a protective order requiring Plaintiffs to seek leave of this Court before issuing any further discovery requests to Apple in this case.

**A. Analysis of Each Subpoena.**

**1. March 10, 2025 Subpoenas to Apple's Executives.**

When Plaintiffs issued the first subpoenas to Apple's executives on March 10, 2025, they did so under a theory that they were entitled to seek information directly from the executives who had negotiated the contracts between Apple and Google that Judge Mehta had found to be exclusionary in *United States v. Google*. Although the undersigned quashed those subpoenas, they were not filed in bad faith or for an improper purpose.

**2. October 3, 2025 Subpoena to Cook.**

When Plaintiffs issued a subpoena to Cook on October 3, 2025, Plaintiffs did so after obtaining documents and responses to interrogatories from Defendant Google. Although Plaintiffs had obtained these documents, they identified no additional action that they had taken – no depositions of Defendant Google's employees or other discovery responses – to justify those apex depositions at that time. (Dkt. No. 175.) For that reason, the undersigned granted the motion to quash, but Plaintiffs did not act in bad faith or for an improper purpose in seeking that information. Plaintiffs relied upon their additional actions to seek discovery from less intrusive methods before issuing these subpoenas, even though the undersigned found that those efforts were not sufficient to justify the subpoena to Cook.

**3. November 25, 2025 Subpoenas to other Apple Executives.**

When Plaintiffs issued the subpoena on November 25, 2025, to the same five deponents other than Cook, who were the subject of the March 10, 2025 subpoenas that the undersigned had quashed, they did so after receiving the undersigned's order of November 4, 2025, quashing the October 3, 2025 deposition subpoena to Cook. Between October 3, 205 and November 25, 2025, nothing had changed. Plaintiffs had attempted no additional discovery and ignored the Order quashing the October 3, 2025 subpoena to Cook. Specifically, the Order quashing the October 3, 2025 deposition subpoena to Cook noted that Plaintiffs had taken no deposition of any person and had issued no written discovery to Apple. (Dkt. No. 175.) Despite the statements in the

November 4, 2025 Order, Plaintiffs issued subpoenas to Apple's executives with no attempts to take any other deposition of Defendant Google or its employees and with no attempts to take any written discovery of Apple. Given this failure and given that this was the second attempt to take the depositions of these Apple executives, the undersigned finds that Plaintiffs issued these subpoenas in bad faith and that sanctions are warranted.

**4. December 24, 2025 Subpoena to Apple under Federal Rule of Civil Procedure 30(b)(6) and February 2026 Subpoenas to Apple's Executives.**

When Plaintiffs issued the December 24, 2025 subpoena to Apple under Federal Rule of Civil Procedure 30(b)(6) and the February 2026 Subpoenas to the same Apple executives, they acted for an improper purpose. Plaintiffs clearly stated their improper purpose: to gain evidence to re-name Apple as a defendant. (Dkt. No. 209.)

At least one court has held that seeking discovery against a non-party for the purpose of obtaining information to name that non-party as a defendant is an improper use of a Rule 45 subpoena. *Beaver Cnty. Employees' Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 7212308, at *4 (N.D. Cal. Dec. 13, 2016). The court in that case stated:

> The subpoenas were . . . issued for an improper purpose. As the Court noted at oral argument, the subpoenas appeared to be an attempt to "fish around to see if there is a basis for bringing a libel case against Gotham [which] is not an appropriate reason for the subpoena."

*Id*. That theory is bolstered by the general principle that discovery may not be used as a fishing expedition. *See, e. g.*, *Contemp. Servs. Corp. v. Landmark Event Staffing Servs. Inc.*, 2013 WL 12218188, at *2 (C.D. Cal. June 3, 2013) (the right to discovery is not unfettered. District courts need not condone the use of discovery to engage in "fishing expeditions") (quoting *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (quoting *Exxon v. Crosby Mississippi Ltd*., 40 F.3d 1474, 1487 (5th Cir. 1995)); *see also Mullally v. Havasu Landing Casino*, 2012 WL 13013031, at *1 (C.D. Cal. June 21, 2012) ("Discovery is not to be used for a fishing expedition to investigate mere speculation.") (citing *Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996)).

The scope of allowable discovery under Rule 45 is the same as the scope of discovery

United States District Court
Northern District of California

permitted under Rule 26(b). Rule 45 incorporates the scope of discovery dictated by Rule 26. *Cabell v. Zorro Prods. Inc., et al.*, 2018 WL 3023343, at *2 (N.D. Cal. June 18, 2018) (citing *Beaver Cnty. Employers Ret. Fund*, 2016 WL 3162218, at *2). Accordingly, a party may subpoena "discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense.*" Fed. R. Civ. P. 26(b)(1) (emphasis added).

If Plaintiffs sought discovery solely to add Apple as a party, such discovery would not be relevant to any existing claim or defense and would constitute an improper purpose, especially since the District Judge had dismissed Apple as a defendant with prejudice long before Plaintiffs sought discovery. Plaintiffs argue that such discovery is allowed to find evidence to re-name a defendant, but they cite to no cases or other authority.

Plaintiffs claim that they had another justification for seeking discovery against Apple, which they described even when they responded to Apple's motion to quash the December 24, 2025 subpoena to Apple. That justification is that they needed Apple's executives' testimony to show that the agreement that Apple and Defendant Google made and continued to affirm cemented Defendant Google's monopoly power. (Dkt. No. 209.) In opposing this motion for sanctions, Plaintiffs continue to explain that they sought information from Apple to prove the existing claim of monopolization against Google – "how Google used [its agreement with Apple] and related default agreements to maintain its monopoly." (Dkt. No. 238 at page 8.) Plaintiffs now explain again that their current claim against Defendant Google under Section 2 of the Sherman Act is to show that Defendant Google willfully acquired and maintained monopoly power in general search services, in major part through its exclusionary default search agreements with Apple and others, as the court found in *United States v. Google*. (Dkt. No. 238 at page 3.) In *United States v. Google*, the court found that Defendant Google's revenue sharing agreements with Apple disincentivized Apple from creating its own search engine, thus leading to Defendant Google's monopoly. *United States v. Google LLC*, 747 F. Supp. 3d 1, 167-68 (D.D.C. 2024). Thus, Plaintiffs now argue that the discovery against Apple was justified, independent of any attempt to re-name Apple as a defendant.

The undersigned does not find that justification convincing. There is no dispute that

Defendant Google and Apple had revenue sharing agreements and that as a result, Apple had no incentive to create its own engine, which led to Defendant Google's monopoly power. Plaintiffs never explained why they needed additional testimony from Apple's executives to prove an issue that Judge Mehta had decided – in a manner favorable to Plaintiffs – in *United States v. Google*. Given this continued failure to explain why Plaintiffs needed additional testimony to prove an issue already decided, the undersigned finds that Plaintiffs' true purpose was to find evidence to re-name Apple as a defendant. This purpose was improper. Because Plaintiffs only admitted to this improper purpose after the December 24, 2025 subpoenas, the undersigned does not apply this rationale to the earlier subpoenas.

***

Thus, the undersigned rules that Plaintiffs did not act in bad faith or act for an improper purpose in issuing subpoenas on March 10, 2025, and October 3, 2025, but that they did not act in good faith and had no substantial justification when issuing the subpoenas to Apple's executives on November 25, 2025. The undersigned also finds that Plaintiffs acted with an improper purpose in issuing a subpoena to Apple on December 24, 2025, and to Apple's executives in February 2026.

**B. People To Be Sanctioned.**

At the hearing for this motion, Joseph Alioto, Plaintiffs' counsel, asked the undersigned that, if the undersigned were to issue sanctions, any sanctions be issued only against him, as he was the decisionmaker in issuing the repeated subpoenas. Because the parties submitted the discovery letter briefs in a format that did not require signatures but only contained names of lawyers in the pleadings, no one specific attorney attested to the contents of the discovery letter briefs. The undersigned agrees with the request to sanction only Joseph Alioto but issues a warning to other Plaintiffs' lawyers in the case that, if their names are on pleadings, they are responsible for the contents of the pleadings. There is no safe harbor for behavior based on a defense to improper conduct that a lawyer is merely following the order of another lawyer.

**C. Amount of Sanction.**

Because Apple submitted an application for attorneys' fees expended in responding to all

United States District Court
Northern District of California

subpoenas, Apple must submit a new application for attorneys' fees expended only in responding to the subpoenas issued on November 24, 2025, December 24, 2025, and February 2026.

In addition, Apple requests sanctions based on a "blended rate" of over $1,000 per hour. However, Apple does not provide the hourly rate per lawyer, and a review of the declarations submitted in support of the application for attorneys' fees indicates that the lowest-level attorneys performed the bulk of the work, as is appropriate. Apple must submit an application based on the actual rates for each attorney. Apple must submit the revised application by September 15, 2026.

**D. Request for Injunction.**

Finally, the undersigned DENIES the motion for a Rule 26 sanction in the form of an order requiring Apple to seek the undersigned's permission before issuing any discovery to Apple.

**IT IS SO ORDERED**.

Dated: September 3, 2026

SALLIE KIM
United States Magistrate Judge